**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 05 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIKE GOPHER, | No. 12-35210 |
| Plaintiff - Appellant, | D.C. No. 4:11-cv-00018-RKS |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security Administration, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Montana
Keith Strong, Magistrate Judge, Presiding

Submitted December 17, 2013[**]
San Francisco, California

Before: CLIFTON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Mike Gopher appeals the district court's summary judgment order affirming

the Commissioner of Social Security's decision denying his application for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

supplemental security income under Title XVI of the Social Security Act. Gopher contends that in assessing his residual functional capacity, the administrative law judge ("ALJ") failed to accord proper weight to two physicians' opinions. He also contends that the ALJ erred in assessing the credibility of his statements concerning his symptoms. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's order de novo. *Molina v. Astrue,* 674 F.3d 1104, 1110 (9th Cir. 2012). We may set aside the denial of benefits only if it is not supported by substantial evidence or is based on legal error. *Id.*

The ALJ properly assessed the opinions of Drs. Paul Donaldson and Ernest Gray. In contrast to Dr. Donaldson, an examining physician who opined that Gopher could be "on his feet" for possibly two to three hours in an eight-hour work day, the ALJ found that Gopher could *stand* or *walk* for about six hours in an eight-hour work day. The ALJ's reasoning that the amount of time Gopher could be "on his feet" was immaterial is clear and convincing, given that "the claimant's determined residual capacity incorporate[d] the claimant's need to be off his feet, at will, if needed." *See Widmark v. Barnhart,* 454 F.3d 1063, 1066 (9th Cir. 2006). In addition, any error was harmless because two of the jobs the ALJ found Gopher capable of performing were sedentary jobs, which require only occasional walking

2

and standing.  *See* 20 C.F.R. § 416.967(a); *Molina,* 674 F.3d at 1111, 1122.  The ALJ did not err in concluding that Dr. Gray, who did not have an ongoing, regular patient-physician relationship with Gopher, was not a treating physician.  *See* 20 C.F.R. § 416.927(c).  Any error in the ALJ's rejection without explanation of Dr. Gray's statements regarding the amount of time Gopher could stand or walk was harmless because Dr. Gray's statements were illogical and the apparent result of his misreading of a form.  *See Molina*, 674 F.3d at 1111, 1122.

The ALJ also properly assessed Gopher's credibility.  He offered specific, clear and convincing reasons for rejecting some of Gopher's statements regarding the intensity, persistence, and limiting effects of his symptoms by explaining that the medical records showed that with treatment, Gopher's pain lessened and his ability to walk improved.  *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007); *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195–97 (9th Cir. 2004).

**AFFIRMED.**

3